# Law Offices of
# Daniel A. McGuinness, PC

260 Madison Ave, 17th Floor, New York, NY 10016
Tel: (212) 679-1990 · Fax: (888)-679-0585 · Email: dan@legalmcg.com

June 2, 2022

<u>VIA ECF</u>

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Reginald Claxton*, 20-cr-631(AKH)

Dear Judge Hellerstein:

I represent Reginald Claxton with respect to the above captioned matter. I write in Opposition to the Government's Motions in Limine. For the reasons stated herein, I asked that the Court deny the government's motions as set forth below.

I.   **The Court should not Declare Co-conspirator Statements Admissible without Knowing the Contents or Declarants of the Statements. (Responding to First Government Request)**

The government's first request in its motion in limine seeks wholesale admission of co-conspirator statements into evidence without specifying what statements will be admitted or the identities of the declarants. Instead, the government offers only three broad categories of statements: "(i) statements made by co-defendants concerning the narcotics conspiracy; (ii) statements made by uncharged co-conspirators concerning the narcotics conspiracy; and (iii) statements made by members of the conspiracy which were overheard or observed by individuals who were not themselves co-conspirators." Gov't Mot. In Limine, ECF No. 244 at 7. The government further states that it expects to offer statements "coordinating the receipt and further distribution of narcotics and discussing the individuals to whom the narcotics would be sold." *Id.*

The generality of these categories and descriptions does not allow for the fact-specific inquiries necessary to determine admissibility. Critical to an admissibility determination is whether the statements were truly forward-looking statements made to further the conspiracy and not merely idle chatter. *See United States v.*

*Lieberman*, 637 F.2d 95, 102 (2d Cir. 1980). For example, statements "discussing the individuals to whom the narcotics would be sold" should not be admitted if they are discussing the individuals' prior activities or habits.

The identities of the declarants are also crucial to the Court's determination. The government must demonstrate that these individuals were in fact members of the conspiracy. If they were members of a separate conspiracy, the conspiracies must at least have been "factually intertwined." *United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985).

Additional information is necessary to determine whether the statement would be unduly prejudicial against Claxton. He cannot assess the probative or prejudicial value of the statements without knowing the specific statements and their declarants. As such, the government's motion does not contain the requisite specificity and should be denied.

## II. The Court Should Reserve Decision on Admission of Claxton's Past Statements unless and until they are Offered. (Responding to Government's Second Request)

The government's second motion in limine seeks a blanket prohibition on Claxton admitting into evidence any of his own prior statements. While Claxton does not presently have plans to offer any of his statements into trial, the Court should decline to grant the broad ruling sought by the government as premature. Claxton may offer his own statements as necessary context or for another relevant purpose to refute a claim made by a government witness. He cannot state what statement he would use – nor does the government address any specific statement – as he does not know the precise evidence that will be presented at trial. In particular, as stated above, it is unknown what co-conspirator statements will be offered against him, and whether any of his own statements would add necessary context to that conversation.

## III. The Proposed Testimony of Claxton's Alleged Conduct Prior the Charged Conduct should not be Admitted as it is Unduly Prejudicial and Likely to Confuse the Jury. (Responding to government's Third Motion in Limine)

The government seeks to introduce information through its informant that the informant observed Claxton cooking crack cocaine with Spearman on several occasions between 2015 and 2018 and sold heroin and cocaine with Spearman

during that period. Gov't Mot. in Limine, ECF No. 244 at 11. These alleged actions are neither direct evidence nor admissible under Rule 404(b).

Claxton's alleged activities in 2015 to 2018 are not intrinsic evidence of the charged offense. The charged conspiracy commences in November 2019. The proposed testimony would address alleged activities by Claxton that took place approximately one to four years prior to the conspiracy. As such, they should not be considered intrinsic to the charged conspiracy. *See e.g. United States v. Bailey*, 840 F.3d 99, (3d Cir. 2016) (finding evidence of prior drug dealing "could not directly prove Bailey's role in a conspiracy that had not yet even begun.") Where, as here, "it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004).

In order to be admissible under Rule 404(b) the evidence must be (1) relevant; (2) offered for a proper purpose; and (3) more probative than prejudicial. The proposed testimony would serve to unduly prejudice the jury against Claxton. The factual allegations of the charged conspiracy against Claxton are that he made crack cocaine deliveries to customers on behalf of Spearman. Allegations that he cooked the crack with Spearman are more inflammatory than any conduct he is alleged to have conducted inside the conspiracy. Additionally, it will undoubtedly mislead the jury about the role Claxton is alleged to have taken in the conspiracy.

In the event that the jury finds Claxton guilty, the proposed 404(b) evidence will confuse their assessment of the drug weight attributable to him. This testimony spanning 2015 to 2018 dwarfs the charged conspiracy, which is alleged to have operated from November 2019 to November 2020. The breadth of the proposed 404(b) evidence so profoundly overtakes the year-long conspiracy with which he is charged, that it is bound to confuse and improperly influence the jury. As such, it should not be admitted.

### IV. Responses to The Government's Other Miscellaneous Requests.

Claxton opposes the government's fourth request to allow the confidential source to testify under a pseudonym. No basis for any actual threat of harm has been put forward by the government. Any risk of harm is too speculative to justify the protection sought.

The government's fifth request to introduce prior consistent statements by their witness if his credibility is challenged should be denied. The government will be free to introduce such evidence on redirect when and if it is appropriate. At a minimum the motion should be held in abeyance until after the defense's opening statement.

Hon. Alvin K. Hellerstein
June 2, 2022
Page 4 of 4

 The defense has no plans to refer to a possible sentence and does not oppose the government's seventh request.

 Then government's eighth request for a blanket prohibition on evidence related to Claxton's personal factors should be denied. The motion is premature as Claxton has not communicated any intention and presently does not any plan to offer such evidence. The requested ruling would effectively restrict the defense to only evidence that does not reveal anything about Claxton personally. It is not difficult to imagine such evidence becoming critical to the defense. For example, if the confidential source testifies that he called Claxton to arrange a drug deal, Claxton would admit evidence to demonstrate that he did not own a phone as he could not afford one. Rather than a broad prohibition on any evidence that may reveal his personal factors, the government should make their Rule 403 argument in terms of any specific evidence if and when it is offered.

 I thank the Court for its attention to this matter.

Very truly yours,

*/s/ Daniel A. McGuinness*

Daniel A. McGuinness

Cc: All counsel (via ECF)